**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICIA ITEN, Personal Representative of the Estate of Howard Iten, | No. 24-2974 |
| Plaintiff - Appellant, | D.C. No. 2:21-cv-00486-DDP-SSC |
| v. | MEMORANDUM[*] |
| COUNTY OF LOS ANGELES, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted March 3, 2025
Pasadena, California

Before: CLIFTON, IKUTA, and CHRISTEN, Circuit Judges.

Howard Iten appeals from the district court's ruling dismissing with prejudice his operative complaint on the merits.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Howard Iten passed away during the pendency of this action, and the court substituted his spouse and the personal representative of his estate, Patricia Iten, as the plaintiff-appellant in this case. Dkt. No. 36.

The County moratorium did not substantially impair Iten's pre-existing contractual relationship with his tenant. *See Sveen v. Melin*, 584 U.S. 811, 819, 821 (2018) (holding that to determine when a law violates the Contracts Clause, courts apply a two-step test; the first step considers, among other things, the extent to which the law interferes with a party's reasonable expectations). The County moratorium did not upset Iten's reasonable expectations, because when Iten renegotiated the lease with his tenant, it was reasonably foreseeable that the lease might be affected by an eviction moratorium. The County moratorium, which Iten attached as an exhibit to the operative complaint, makes clear that the County first imposed a commercial eviction moratorium on March 19, 2020. The County re-ratified and amended its moratorium on March 31, 2020, April 14, 2020, May 12, 2020, June 23, 2020, July 21, 2020, and September 1, 2020, all before Iten renewed the lease with the tenant, which commenced September 1, 2020. The City of Lawndale imposed its own commercial eviction moratorium on April 6, 2020,[2] also before Iten renewed the lease with the tenant. Moreover, the operative

---

[2] We grant in part and deny as moot in part the County's request for judicial notice. Dkt. No. 20. We grant the request as to the County's documents regarding the Lawndale moratorium. We otherwise deny the County's request as moot.

2

complaint acknowledges that "commercial lease contracts have traditionally been subject to some measure of government oversight."[3]

Because Iten's claim fails at step one, we do not reach the second step, whether the County moratorium is drawn in an appropriate and reasonable way to advance a significant and legitimate public purpose. *Sveen*, 584 U.S. at 819.

**AFFIRMED.**

---

[3] We therefore reject Iten's argument that we should follow the Eighth Circuit's opinion in *Heights Apartments, LLC v. Walz*, 30 F.4th 720, 728–30 (8th Cir. 2022) and the Second Circuit's opinion in *Melendez v. City of New York*, 16 F.4th 992, 1032–35 (2d Cir. 2021), because the challenged laws in those cases upset reasonable expectations and differed in scope from the County moratorium.